**UNITED STATES COURT OF INTERNATIONAL TRADE**

_____

Antique Marbonite Private Limited, Shivam
Enterprises, and Prism Johnson Limited,

                         Plaintiff,

          v.

UNITED STATES,

                         Defendant.

_____

    Court No. 22-00030

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade,

Plaintiffs, Antique Marbonite Private Limited, Shivam Enterprises, and Prism Johnson Limited,

("Plaintiffs" or "Antique Group"), by and through their counsel, allege and state, as follows:

## JURISDICTION

1.      Plaintiffs bring this action pursuant to, and in accordance with, sections

516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19

U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of

the 2019-2021 administrative review of the antidumping duty order on _Quartz Surface Products_

_from India_, Case No. A-533-889, issued by the U.S. Department of Commerce ("Commerce"),

International Trade Administration, as they apply to Plaintiffs.  _See Certain Quartz Surface_

_Products from India: Final Results of Antidumping Duty Administrative Review; 2019-2021_, 88

Fed. Reg. 1190 (Jan. 9, 2023), and accompanying Issues and Decision Memorandum (Dec. 30,

2022).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3.      Plaintiffs are foreign producers and exporters of subject merchandise, quartz surface products from India, and therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiffs were selected for individual examination by Commerce as a collective affiliated entity.  Plaintiffs participated in the administrative review proceeding through the submission of questionnaire responses and through the filing of factual information and legal arguments to address substantive case issues.  Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4.      The *Final Results*, which are being challenged herein, were published in the *Federal Register* on January 9, 2023.  *See* 88 Fed. Reg. 1188.  On February 8, 2023, Plaintiffs timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Plaintiffs are timely filing the Complaint today (within thirty days of the filing of the Summons).  The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## STANDARD OF REVIEW

5.      This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## **PROCEDURAL HISTORY**

6.        On August 3, 2021, Commerce initiated the first administrative review of the antidumping duty order on quartz surface products from India. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 146 (Dep't Commerce Aug. 3, 2021) ("*Initiation Notice*").  Commerce's period of review ("POR") was December 13, 2019 through May 31, 2021.

7.        In September 2021, Commerce issued a memorandum stating that it had selected the Antique Group and Pokarna Engineered Stone Limited (PESL) as mandatory respondents in the 2019-2021 administrative review.

8.        In November and December 2021, Antique Group submitted timely responses to section A (i.e., the section relating to general information) and to the remaining sections of the questionnaire (i.e., sections B, C, and D, the sections covering home market sales, U.S. sales, cost of production (COP)/constructed value (CV), and further manufacturing, respectively).

9.        On April 20, 2022, Commerce issued the first supplemental questionnaire to the Antique Group, and received a timely response on April 15, 2022.

10.        On April 20, 2022, Commerce issued a second supplemental questionnaire to the Antique Group.  On May 16, 2022, the Antique Group filed at Commerce a complete response to the second supplemental questionnaire between 2:56 pm and 3:45 pm Eastern Time prior to the usual Commerce deadline time for submissions (5:00 pm Eastern Time).

11.     On May 18, 2022, Commerce rejected the submission stating that the deadline for the second supplemental questionnaire response was May 16, 2022, but that the specific deadline time was 10:00 am Eastern Time (ET), and that the Antique Group had failed to submit its questionnaire response by the established deadline.

12.     On May 19, 2022, Antique Group requested an opportunity to refile its response to the second supplemental questionnaire, which Commerce denied on May 20, 2022. On May 24, 2022, Antique Group again submitted a request for acceptance of the second supplemental questionnaire response, which Commerce denied on June 03, 2022. On June 10, 2022, Antique Group again requested an extension of time and reconsideration of Commerce' s rejection of Antique Group's second supplemental questionnaire response.

13.     On June 30, 2022, Commerce issued its preliminary results of the 2019-2021 administrative review rejecting Antique Group's second supplemental questionnaire response as untimely, and assigning the Antique Group a preliminary dumping margin of 323.12% based on the application of adverse facts available.  *See* Decision Memorandum for the Preliminary Results and Partial Rescission of the Administrative Review of the Antidumping Duty Order on Certain Quartz Surface Products from India; 2019-*2021* (June 30, 2022).

14.     Plaintiffs filed a substantive brief on August 24, 2022, challenging Commerce's decision to reject the supplemental response.  Among other arguments, the brief noted that Commerce should have accepted the Antique Group's second supplemental questionnaire response; that the record contained sufficient information for Commerce to calculate an accurate dumping margin without the use of adverse facts available; that the application of total adverse

facts available was inappropriate, and that the use of the high petition rate as total adverse facts available was unreasonable and aberrational.

15.     On December 30, 2022, Commerce issued its final results of the 2019-2021 administrative review continuing to find that the rejection of Antique Group's Supplemental Questionnaire was warranted, and that there was not any basis to reconsider this decision.  *See Certain Quartz Surface Products from India: Final Results of Antidumping Duty Administrative Review; 2019-2021*, 88 Fed. Reg. 1190 (Jan. 9, 2023), and accompanying Issues and Decision Memorandum Dec. 30, 2022).

<u>**ISSUES PRESENTED BY THE ACTION AND**</u>
<u>**PLAINTIFFS' STATEMENT OF CLAIMS**</u>

16.     In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in its 2019-2021 antidumping duty administrative review are unsupported by substantial record evidence and/or are otherwise not in accordance with law.

<u>**COUNT ONE**</u>

17.     Paragraphs 1 through 16 are incorporated herein by reference.

18.     Commerce denied Plaintiffs' request for an extension, as well as the additional request to reconsider the denial, and rejected Plaintiffs' filed second supplemental response.  As a consequence of those decisions, Commerce applied adverse facts available to Plaintiff's antidumping duty calculation.

19.     Commerce's decisions are unsupported by the record; are arbitrary, capricious, and an abuse of discretion; and are otherwise not in accordance with the law.

<u>**COUNT TWO**</u>

20.     Paragraphs 1 through 19 are incorporated herein by reference.

21.     Commerce's 10:00 a.m. Eastern Time deadline for the second supplemental questionnaire response was unanticipated and not Commerce's usual filing deadline time. Commerce applies the 10:00 a.m. deadline only in rare circumstances where there is an imminent deadline. There was not an imminent deadline in this case.

22.     Commerce's decision to establish an early in the day deadline and not accept Antique Group's second supplemental questionnaire response was an abuse of discretion, arbitrary, and not in accordance with the law.

## COUNT THREE

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     Commerce relied on the application of total adverse facts available in determining the dumping margin for the Antique Group in this review, even though the record contained sufficient information for Commerce to calculate an accurate dumping margin without the use of adverse facts available; and the use of the high petition rate as total adverse facts available was unreasonable and aberrational.

25.     Commerce's decision to rely on total adverse facts available was unsupported by substantial evidence and was otherwise contrary to law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

26.     For the reasons stated above, Plaintiffs respectfully request that the Court:

        (a)     enter judgment in Plaintiffs' favor;

(b)      declare that with respect to the issues raised in this Complaint,

Commerce's determinations and all related findings and conclusions are unsupported by

substantial evidence on the record or are otherwise not in accordance with law;

(c)      remand these matters to Commerce for redetermination consistent with the

Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

(d)      provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Jonathan M. Freed
Kenneth Hammer
Aqmar Rahman
MacKensie R. Sugama
Sezi Erdin
Die Di

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC  20003
Tel: (202) 223-3760
Fax: (202) 223-3763
Email: rgosselink@tradepacificlaw.com

Dated:  February 8, 2023                    *Counsel to Plaintiffs Antique Marbonite*
*Private Limited, Shivam Enterprises,*
*and Prism Johnson Limited*